# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| RLF NAZARETH, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> YORK RSG (INTERNATIONAL), LIMITED ) <br> and CERTAIN UNDERWRITERS AT LLOYDS ) <br> OF LONDON ASCRIBING TO CONTRACT ) <br> 1706400, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:19-cv-0071 |

**ATTORNEYS:**

**RYAN C. MEADE, ESQ.**
QUINTAIRO, PRIETO, WOOD & BOYER, P.A.
MIAMI, FLORIDA
    *FOR THE PLAINTIFF RLF NAZARETH, LLC*

**JOSEPH D. SAUERWEIN, ESQ.**
**MATTHEW J. DUENSING, ESQ.**
DUENSING & CASNER
ST. THOMAS, UNITED STATES VIRGIN ISLANDS
    *FOR THE DEFENDANT CERTAIN UNDERWRITERS AT LLOYDS ASCRIBING TO CONTRACT 1706400*

**DOUGLAS L. CAPDEVILLE, ESQ.**
LAW OFFICES OF DOUGLAS L. CAPDEVILLE
CHRISTIANSTED, UNITED STATES VIRGIN ISLANDS
    *FOR THE DEFENDANT YORK RSG (INTERNATIONAL) LIMITED*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

    **BEFORE THE COURT** is Plaintiff RLF Nazareth, LLC's ("RLF") Motion to Strike and/or for Summary Judgment on Lloyds' Affirmative Defenses. (ECF No. 89.) For the reasons stated below, the Court will grant, in part, and deny, in part, RLF's instant motion against LIMITED and CERTAIN UNDERWRITERS AT LLOYDS OF LONDON ASCRIBING TO CONTRACT 1706400 ("Lloyds").

## I. FACTUAL BACKGROUND

Because the Court has already set out most of the relevant background in its earlier opinion, the Court sets forth only those facts necessary to resolve the issue at hand.

This litigation arises out of an insurance contract dispute that developed after Hurricane Irma damaged Plaintiff RLF's property on September 6, 2017. After RLF made its insurance claim, a fundamental disagreement occurred between RLF and Lloyds over the value of loss RLF incurred as well as which parts of the property were covered under the insurance contract. Seeing that the parties appeared to have reached an impasse and recognizing that the insurance contract provided for a two-year statute of limitations from the date of loss, RLF filed the Complaint in this matter on September 6, 2019. (ECF No. 1.) The Complaint asserted two causes of action against Lloyds: (1) breach of contract and (2) bad faith. *Id.* Lloyds filed its answer on May 21, 2020, wherein it asserted its negative defenses as well as twenty-six affirmative defenses. (ECF No. 21.)

While RLF initiated the instant litigation, Lloyds sought to resolve this dispute by engaging in the appraisal process spelled out in the parties' insurance contract. (ECF No. 85-4.) After conducting the appraisal process, the parties agreed to an appraisal award on September 20, 2021. (ECF No. 70-1.)[1] The award, however, left the question of coverage as to the pool and the deck area of the property to be determined by the Court. *See* ECF No. 70. On July 14, 2023, the Court resolved the coverage disputes and enforced the appraisal award. (ECF No. 114.) Lloyds then paid the award amount to RLF on August 16, 2023. (ECF No. 120.)

Despite the resolution of the coverage disputes and payment of the appraisal award, RLF maintains that its claims against Lloyds remain outstanding. As such, the Court is tasked with resolving several pending motions. The instant motion is RLF's motion filed on March 4, 2022, in which RLF challenges a number of defenses Lloyds asserted in its answer. (ECF No. 89.) The first part of the motion seeks to strike Lloyds' first, second, sixth, and twenty-second affirmative defenses under rule 12(f). *See id.* RLF argues that those so-called "affirmative defenses" are, in reality, negative defenses and, as such, should be stricken

---

[1] Although RLF disagreed that appraisal was appropriate, the Magistrate Judge enforced the appraisal provision, and both parties subsequently complied. *See* ECF No. 59 and 70-1.

from Lloyds' answer because they are redundant. *See id.* The other part of the motion seeks summary judgment on Lloyds' third, fourth, eighth, tenth, eleventh, thirteenth, fourteenth, and fifteenth affirmative defenses. *See id.* The Court will discuss the specifics of each challenge in greater detail below.

## II.  DISCUSSION

### A. Motion to Strike—Fed. R. Civ. 12(f)

The Court will begin by first addressing RLF's request for the Court to strike Lloyds' first, second, sixth, and twenty-second defenses. Under Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). To make such a motion, however, a party must make the motion "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed R. Civ. P. 12(f)(2).

In this case, Lloyds filed its answer on May 21, 2020. (ECF No. 21.) RLF did not file the instant motion seeking to strike until March 4, 2022—nearly twenty-one months after Lloyds filed its answer. *Id.* Thus, RLF's instant motion, to the extent it is a motion to strike, is clearly out of time, and will therefore be denied to the extent the motion seeks relief pursuant to Rule 12(f).

### B. Motion for Summary Judgment—Fed R. Civ. P. 56

Although RLF's instant motion relies in part on Rule 12(f), RLF also seeks to obtain summary judgment on a number of Lloyds' defenses. Fed. R. Civ. P. 56. RLF contends that Lloyds' third, fourth, eighth, tenth, eleventh, thirteenth, fourteenth, and fifteenth affirmative defenses must all be disposed of on summary judgment grounds because Lloyds lacks sufficient evidence to support those defenses. *See* ECF No. 89.

Pursuant to Rule 56, a party may move for summary judgment at any time until thirty days after the close of all discovery, and the court shall grant the same if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Since there is no prohibition against disposing of affirmative defenses at the

summary judgment stage,[2] the Court will consider each of above-mentioned defenses in turn.

### 1. Affirmative Defense Number 3

The first affirmative defense the Court will address is Lloyds' third affirmative defense—the statute of limitation defense. (ECF No. 21.) Lloyds asserts that all of RLF's claims against Lloyds are time-barred by the parties' contractually stipulated statute of limitations.[3] Pursuant to the parties' insurance contract, RLF is required to file any cause of action against Lloyds "within two years after the date of loss." (ECF No. 85-4.)[4] Neither party disputes that the date of loss occurred on September 6, 2017—the day Hurricane Irma struck St. Thomas. *See* ECF Nos. 100 and 111. There is also no dispute that RLF filed the Complaint on September 6, 2019. *See* ECF Nos. 1, 100 and 111. The only question is how to measure the two-year limitation period.

Lloyds contends that by filing on September 6, 2019, the Plaintiff filed two years and a day after the date of the loss. (ECF No. 100.) While Lloyds offers no case law or statutory basis for this conclusion, the Court presumes Lloyds is attempting to rely on a "calendar method" of counting days. *See id.*[5] Under the calendar method, the date of the triggering

---

[2] *See, e.g.*, *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2nd Cir. 1994) ("Where a plaintiff uses a summary judgment motion, in part, to challenge the legal sufficiency of an affirmative defense—on which the defendant bears the burden of proof at trial—a plaintiff 'may satisfy its Rule 56 burden by showing that there is an absence of evidence to support [an essential element of] the [non-moving party's] case.'") (quoting *DiCola v. SwissRe Holding (North America), Inc.*, 996 F.2d 30, 32 (2d Cir.1993) (brackets in the original) (internal citation and quotations omitted); *TufAmerica, Inc. v. Codigo Music LLC*, 162 F. Supp. 3d 295, 334 (S.D.N.Y. 2016); *Powell v. Union Pacific R. Co.*, 864 F. Supp. 2d 949, 962 (E.D. Cal. 2012); *Yturria v. Kerr-McGee Oil & Gas Onshore, LP*, Civil Action No. 7:05-cv-181, 2006 WL 3227326, at *12 (S.D. Tex. Nov. 6, 2006) ("Plaintiffs can meet their summary judgment obligation by pointing the Court to the absence of evidence to support Defendants' affirmative defenses.").

[3] While Virgin Islands law provides for a six-year statute of limitations for contract-based cause of actions, *see* 5 V.I.C. § 31, Title 22 Section 820(a)(3) of the Virgin Islands Code permits parties to contractually agree to a shorter statute of limitation period as long as the period is not "less than one year from the date of loss." 22 V.I.C. § 820.

[4] The relevant provision states in full that "[n]o action can be brought against us unless there has been full compliance with all of the terms under this Policy and the action is started within two years after the date of loss." (ECF No. 85-4.)

[5] While Lloyds does not expressly refer to its method of computing time as the "calendar method," based on the calculation that Lloyds came up with, it is evident that Lloyds utilized the calendar method.

event is included in the statute of limitation period. *See Singh v. Attorney General U.S.*, 807 F.3d 547, 550 n. 5 (3d Cir. 2015) (discussing the calendar method); *United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir. 2000) (explaining the calendar method); *see also In re Brutsche*, No. 7-11-14145 TS, 2013 WL 1909508, at *1 (Bankr. D.N.M. May 8, 2013) ("Using the calendar method, the day of the triggering event at issue…is counted as the first day of the limitation period, causing the one-year (in this case) period to end on the preceding day of the following year.") (citation omitted). Accordingly, since the date of loss was September 6, 2017, under the calendar method, two years from the date of the loss would be September 5, 2019, rather than September 6, 2019.

RLF disagrees and essentially argues that the "anniversary" method should apply to the limitation period at issue. Although the statute of limitations applicable in this case derives from contract rather than statute,[6] RLF contends that Rule 6(a)'s "anniversary" method should nevertheless apply. Under the anniversary method, the day the triggering event occurs is excluded from the limitation period. *See In re Brutsche*, 2013 WL 1909508, at *1–2 (Bankr. D.N.M. May 8, 2013). Therefore, when relying on the anniversary method, a yearlong limitation period will end on the anniversary of the triggering event as opposed to the day prior. *See Signh*, 807 F.3d at 550 n. 5 (citing *United States v. Hurst*, 322 F.3d 1256, 1259–60 (10th Cir. 2003) (applying the "anniversary method," in which "the last day for instituting the action is the anniversary date of the relevant act"). Similarly, for a two-year limitation period—as is the case here—the anniversary methods would result in the limitation period ending on September 6, 2019, the two-year anniversary of the triggering event. Thus, as is self-evident, the viability of RLF's claims hinge entirely on the method of calculation the Court relies upon in determining when the two-year limitation period began and ended. If the Court uses Lloyds' method, the claims were filed a day late. If the Court follows RLF's, the claims are timely.

---

[6] The Court notes that the method of computation of time under Rule 6(a) of both the Virgin Islands Rules of Civil Procedure and the Federal Rules of Civil Procedure only applies to local rules, court orders, or statutes. This limitation period, however, was created by contract.

As noted above, RLF insists that the anniversary method is most appropriate here as that is the method of computation applied under Rule 6(a) of the Federal Rules of Civil Procedure.[7] However, Rule 6(a) explicitly states that the "following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time." Fed. R. Civ. P. 6(a). Rule 6(a), by its own terms, does not extend to limitation periods set out by contract. *See id.* Therefore, since the limitation period at issue here was created by the parties' insurance contract, Rule 6(a) does not apply. The Court must, therefore, construe the contract itself to determine the appropriate method of computing time.

While the parties expressly contracted for a two-year limitation period, they did not provide a method to determine how the limitation period would be calculated. Moreover, the parties have offered no evidence suggesting that they agreed expressly or implicitly on a particular method for computing time for the purposes of the limitations period. Each party merely contends that its method is most appropriate. Thus, by all indications, it appears the contract is silent as to this issue of time computation. Where a contract is silent as to a term necessary for determining rights and obligations, courts are permitted to supply default rules to fill in the missing gaps as long as the supplemental term is reasonable.[8] Because the parties' contract is silent as to an essential term, specifically, the method of calculating time for the limitation period, the Court finds it appropriate to supply the missing essential term using the default rule.

---

[7] While it is the Virgin Islands Rules of Civil Procedure rules on computation of time that would likely apply to this issue rather than the Federal Rules of Civil Procedure, that fact is immaterial for the purposes of this opinion as Rule 6(a) of the Virgin Islands Rules of Civil Procedure is identical in all relevant respects to Rule 6(a) in the federal rules. *Compare* Fed. R. Civ. P. 6(a) *with* V.I. R. Civ. P. 6(a); *see also Walker v. Armco Steel Corp*, 446 U.S. 740, 744 (1980); *Alonzo v. ACF Property Management, Inc.*, 643 F.2d 578, 580-81 (9th Cir. 1981) ("Computation of time provisions…are 'an integral part of the statute of limitations.'").

[8] *See, e.g., Oregon v. King*, 398 P.3d 336, 343 (2017) (citing E. Allan Farnsworth, 2 Farnsworth on Contracts § 7.16, 346 (3d ed. 2004)); *New Enterprise Associates 14, L.P. v. Rich*, 292 A.3d 112, 138 (Del. Ch. 2023) ("Parties negotiate in the shadow of default principles of law, and if a contract is silent, then default principles apply."); *State v. Fairbanks North Star Bor. Sch. Dist.*, 621 P.2d 1329, 1332 (Ala. 1981); *Star Phoenix Min. Co. v. Hecla Min. Co.*, 939, P.2d 542, 552 (Idaho 1997).

Case: 3:19-cv-00071-RAM-RM Document #: 121 Filed: 09/30/23 Page 7 of 11

RLF Nazareth, LLC v. York RSG (International), Limited, et al.
Case No. 3:19-cv-0071
Memorandum Opinion
Page 7 of 11

When determining the default rule, the Courts apply the relevant common law rule in the jurisdiction. However, because the Supreme Court of the Virgin Islands has not provided a rule for computing time not provided for by statute, the Court must conduct its own *Banks* analysis to determine the soundest rule of law for the Virgin Islands.[9]

Step one of the *Banks* analysis requires the Court to consider approaches taken by other courts in the Virgin Islands. After a comprehensive review, the Court has found no other Virgin Islands court decision addressing the computation of time under the common law. Therefore, the Court will proceed to step two and identify what common law rule the majority of courts in other jurisdictions have applied.

Looking to other jurisdictions, the overwhelming majority of courts utilize the anniversary method as the default rule for calculating the statute of limitation period as opposed to the calendar method. *See, e.g.*, *Apache Corp. v. Apollo Expl., LLC*, 670 S.W.3d 319, 327 (Tex. 2023); *State v. Wertheimer*, 781 N.W.2d 158, 161 (Minn. 2010); *People v. Woolfolk*, 304 Mich. App. 450, 460, 848 N.W.2d 169, 176, aff'd, 497 Mich. 23, 857 N.W.2d 524 (2014); *Leo v. Maro Display, Inc.*, 122 R.I. 737, 738, 412 A.2d 221, 221 (1980); *State v. Alley*, 594 S.W.2d 381, 382 (Tenn. 1980); *State v. Wright*, 24 Kan. App. 2d 558, 563, 948 P.2d 677, 681 (1997); 20 A.L.R.2d 1249 (Originally published in 1952) ("Even in the absence of specific statutory provision, the overwhelming weight of authority supports the general rule that in the computation of time prescribed by a statute of limitations, the first day or the day upon which the cause of action accrued is to be excluded."). Thus, the consensus is clear among the rest of the United States. Consensus among other jurisdictions, however, does not necessarily dictate the common law rule in the Virgin Islands. As the Virgin Islands Supreme Court made clear in *Banks*, the Court must still

---

[9] *See Better Bldg. Maint. V.I., Inc., Lee*, 60 V.I. 740 (2014) ("In addressing issues of Virgin Islands common law, this Court–and courts addressing issues of Virgin Islands common law that this Court has yet to address— must engage in a three-factor analysis: first examining which common law rule Virgin Islands courts have applied in the past; next identifying the rule adopted by a majority of courts of other jurisdictions; and then finally—but most importantly—determining which common law rule is soundest for the Virgin Islands."); *King v. Appleton*, 61 V.I. 339, 349 (2014) ("Accordingly, because this Court has yet to determine the elements of an express trust at common law under the appropriate analysis, the Superior Court erred in applying a common law rule without examining the Banks factors.").

Case: 3:19-cv-00071-RAM-RM   Document #: 121   Filed: 09/30/23   Page 8 of 11

RLF Nazareth, LLC v. York RSG (International), Limited, et al.
Case No. 3:19-cv-0071
Memorandum Opinion
Page 8 of 11

determine which common law rule is soundest for the Virgin Islands. *See Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 978 (2011)

After careful consideration and review, The Court finds the anniversary method to be the appropriate common law rule for computing time in the Virgin Islands. Not only is this the rule adopted by almost every other jurisdiction, but the anniversary method is also the default statutory method of computation utilized in the Virgin Islands. *See* V.I. R. Civ. P. 6(a). By bringing the common law rule in line with the statutory rule, there will be less chance of confusion and litigation over this issue moving forward. Moreover, even if the Court were to ignore the other jurisdictions and the statutory rules in the Virgin Islands, the Court would still conclude the anniversary method is the appropriate default rule for computing time as it is the most common way to measure years and is also the easiest methods for courts to administer. *See Marcello*, 212 F.3d at 1010 ("[B]ecause the anniversary date is clear and predictable and therefore easier for litigants to remember, for lawyers to put in their tickler files, and for courts to administer, we adopt the anniversary rule.").[10]

Therefore, because the Court has adopted the anniversary method as the common law rule for the purposes of this case, the Court will use the anniversary method as the

---

[10] While there may be an argument that the contract is not silent as to how to compute the limitation period, but instead, the term "within two years after the date of loss" is ambiguous, such a conclusion would not alter the ultimate outcome. Where an insurance contract term is ambiguous, the cannon of *contra proferentem* may be applied to construe the ambiguous term. *See Employees' Ret. Sys. of Gov't of Virgin Islands v. Best Constr., Inc.*, No. ST-08-CV-490, 2012 WL 13219624, at *3 (V.I. Super. Feb. 24, 2012) (citing *Coakley Bay Condominium Ass'n v. Continental Ins. Co.*, 770 F. Supp. 1046, 1051 (D.V.I. 1991) ("[i]n this jurisdiction, once the court declares that the relevant language is ambiguous, the interpretation more favorable to coverage must prevail"). Accordingly, because there is no additional extrinsic evidence, if the limitation term at issue here is ambiguous, the Court would construe against the drafter. Since Lloyds drafted this contract, the Court would ultimately still apply the anniversary method under this analysis as well.

For the sake of completeness, the Court conducted a *Banks* analysis on the doctrine of *contra proferentem*, seeing as the Virgin Islands Supreme Court has not yet adopted it. *See Cornwall v. Virgin Islands Indus. Maint. Corp.*, 71 V.I. 203, 234 (V.I. Super. 2019). After conducting the appropriate analysis, the Court found that the *contra proferentem* doctrine has been regularly applied by courts in the Virgin Islands and is the majority rule in the rest of the United States as well. *See Cornwall*, 71 V.I. at 234 ("Virgin Islands courts regularly applied the doctrine [of *contra proferentem*]"); *Kunin v. Benefit Trust Life Ins. Co.*, 910 F.2d 534, 540 (9th Cir. 1990) ([T]he contra proferentem rules is followed in all fifty states and the District of Columbia, and with good reason."). Therefore, seeing as this well-reasoned doctrine is an established principle of contract interpretation used by Virgin Islands courts and other jurisdictions alike, the Court finds that the doctrine of contra proferentem is the soundest rule for the Virgin Islands.

default rule for the parties' contract. With that being said, it is now clear that RLF had until the second anniversary of the date of loss to file its complaint. As noted earlier, there is no dispute that the date of loss was September 6, 2017. Accordingly, RLF had until September 6, 2019, to file the Complaint in this case. Since RLF filed its Complaint on September 6, 2019, the claims were filed within the limitation period. Consequently, RLF claims in this case are timely. As such, the Court will grant RLF's motion for summary judgment on Lloyd's third affirmative defense.

### 2. Affirmative Defense Number Four

The next affirmative defense RLF challenges is Lloyds' fourth affirmative defense, wherein Lloyds asserts that "Plaintiff failed to mitigate any damages incurred as alleged." (ECF No. 21.) RLF claims there are insufficient facts to support this affirmative defense. Lloyds, however, contends that because "the majority of damages beyond the subject appraisal Award" concern the cost of litigation, RLF could have avoided such damages if it had simply "complied with the terms of the Policy and invoked the Appraisal provision prior to retaining a public adjuster or counsel." (ECF No. 100.) The Court finds that the mitigation defense involves issues of material fact as to whether the additional costs RLF incurred were necessary in this case. Lloyds has a legitimate factual basis for arguing that it was not necessary for RLF to engage in litigation before completing the appraisal process. As such, the question of whether the expenses RLF incurred as a result of the litigation are warranted is certainly a material fact in dispute here. Therefore, RLF's request for summary judgment on Lloyds' fourth defense is denied.

### 3. Affirmative Defense Number Eight

RLF next seeks summary judgment on Lloyds' eighth affirmative defense that Plaintiff's claims are barred against Lloyds for failure to provide consideration. Lloyds concedes that its eighth defense would be entirely moot if the Court were to issue an order enforcing the appraisal award and resolving the remaining coverage disputes. Since RLF filed the instant motion, the Court has issued an order enforcing the appraisal award and resolving the above-mentioned coverage disputes. (ECF No. 114.) As such, Lloyd's eighth affirmative defense is dismissed as moot.

#### 4. Affirmative Defense Number Eleven

RLF's motion proceeds to partially challenge Lloyds' eleventh affirmative defense, which asserts that "Plaintiff's claims are barred against Lloyds by the failure to satisfy conditions precedent to the recovery sought herein, including but not limited to mandatory appraisal, mediation and arbitration provisions." RLF contends that Lloyds lacks evidence to support the contention that RLF failed to first comply with the mediation and arbitration provisions of the insurance contract because no such provisions exist in the insurance contract at issue. While RLF challenges the affirmative defense that the insurance contract's mediation and arbitration requirements bar RLF's instant claims, RLF does not seek summary judgment on Lloyds' eleventh affirmative defense to the extent that Lloyds argues that RLF claims are barred for failure to first satisfy the appraisal provision of the contract.

Lloyds does not disagree with RLF's motion for summary judgment as to this defense. Instead, Lloyds agrees to withdraw its eleventh affirmative defense to the extent it was challenged by RLF in the instant motion. Accordingly, RLF's challenge as to this defense is also moot.

#### 5. Affirmative Defense Number Thirteen and Fifteen

In addition to withdrawing part of its eleventh affirmative defense, Lloyds also agreed to withdraw its thirteenth and fifteenth affirmative defenses in their entirety. Accordingly, RLF challenges as to those affirmative defenses are moot as well.

#### 6. Affirmative Defense Number Ten and Fourteen

With the above-mentioned matters resolved, all that remains are RLF's requests for summary judgment on Lloyds' tenth and fourteenth affirmative defenses. Lloyds tenth affirmative defense contends that RLF's claims are barred due to an absence of a breach of contractual duty. And in the fourteenth affirmative defense, Lloyds asserts that RLF failed to comply with the terms and conditions of the insurance policy.

Although RLF seeks summary judgment on these affirmative defenses due to Lloyd's alleged failure to provide sufficient evidentiary support, the Court will defer ruling on these issues at this time. Lloyds presently has its own motion for summary judgment wherein it asserts these affirmative defenses as a basis for judgment. The Court also notes that Lloyd's

Case: 3:19-cv-00071-RAM-RM   Document #: 121   Filed: 09/30/23   Page 11 of 11

RLF Nazareth, LLC v. York RSG (International), Limited, et al.
Case No. 3:19-cv-0071
Memorandum Opinion
Page 11 of 11

motion for summary judgment on these issues has been more thoroughly briefed by the parties and, thus, better fleshes out the relevant issues of law. Therefore, since RLF's challenge to the tenth and fourteenth affirmative defenses raises the same issue as Lloyds' motion for summary judgment, the Court will rule on the competing motions simultaneously in a subsequent order.

### III.  CONCLUSION

For the reasons stated above, the Court will deny RLF's motion to the extent it is a motion to strike. To the extent the motion is a motion for summary judgment, the Court will grant, in part, and deny, in part. The Court will grant RLF's motion for summary judgment on Lloyds' Third affirmative defense and deny RLF's request for summary judgment on Lloyds' fourth affirmative defense. The Court will also defer summary judgment on Lloyds' tenth and fourteenth affirmative defenses.

Finally, the Court finds RLF's challenges to the remaining affirmative defenses— affirmative defenses eight, eleven, thirteen, and fifteen— are moot.

**Dated:** September 30, 2023          /s/ *Robert A. Molloy*
                                       **ROBERT A. MOLLOY**
                                       **Chief Judge**