**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| RLF NAZARETH, LLC,                                           ) <br>                                                                          ) <br>               Plaintiff,                                          ) <br>                                                                          ) <br>               v.                                                    ) <br>                                                                          ) <br> YORK RSG (INTERNATIONAL), LIMITED      ) <br> and CERTAIN UNDERWRITERS AT LLOYDS ) <br> OF LONDON ASCRIBING TO CONTRACT      ) <br> 1706400,                                                           ) <br>                                                                          ) <br>               Defendants.                                     ) <br>                                                                          ) | Case No. 3:19-cv-0071 |

**ATTORNEYS:**

**RYAN C. MEADE, ESQ.**
QUINTAIRO, PRIETO, WOOD & BOYER, P.A.
MIAMI, FLORIDA
    *FOR THE PLAINTIFF RLF NAZARETH, LLC*

**JOSEPH D. SAUERWEIN, ESQ.**
**MATTHEW J. DUENSING, ESQ.**
DUENSING & CASNER
ST. THOMAS, UNITED STATES VIRGIN ISLANDS
    *FOR THE DEFENDANT CERTAIN UNDERWRITERS AT LLOYDS ASCRIBING TO CONTRACT 1706400*

**DOUGLAS L. CAPDEVILLE, ESQ.**
LAW OFFICES OF DOUGLAS L. CAPDEVILLE
CHRISTIANSTED, UNITED STATES VIRGIN ISLANDS
    *FOR THE DEFENDANT YORK RSG (INTERNATIONAL) LIMITED*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

    **BEFORE THE COURT** is Plaintiff RLF Nazareth, LLC's ("RLF") Motion for Partial Summary Judgment, ECF No. 83, and Defendant Certain Underwriters at Lloyds Ascribing to Contract 1706400's ("Lloyds") Motion for Partial Summary Judgment. (ECF No. 86.) For the reasons stated below, the Court will deny both RLF's and Lloyds' motions for summary judgment.

                 **I.**         **FACTUAL AND PROCEDURAL HISTORY**

*RLF Nazareth, LLC v. York RSG (International), Limited, et al.*
Case No. 3:19-cv-71
Memorandum Opinion
Page 2 of 12

      This matter arises out of Plaintiff RLF's effort to recover proceeds from an insurance policy it has with Defendant Lloyds for damages to RLF's property sustained during Hurricane Irma. (ECF No. 1.) Following the hurricane, RLF filed a claim with Lloyds for its insured property, which included the main dwelling and three smaller cottages. *See* ECF No. 83. However, Lloyds' agent, York RSG (International), Limited's ("York"), adjuster who inspected the property, adjusted only the main house and not the accompanying cottages. (ECF Nos. 83 and 98.) Consequently, the adjuster concluded that the gross adjusted loss value for the RLF property was only $60,000. (ECF Nos. 83-1 and 98.) Believing there was well over $60,000 in damages, RLF retained its own adjustment firm, Global Consulting Systems, LLC ("Global Consulting"), to conduct an alternative adjustment on the property. (ECF Nos. 87 and 98.) Global Consulting found that the property had incurred a loss of $556,494.02. (ECF Nos. 87 at 5 and ECF No. 87-10.) While Lloyds allegedly sent over a new offer that included coverage for the cottages, the parties were still unable to agree to the value of the loss. As a result, the parties each took remedial action. RLF filed a complaint in this Court on September 6, 2019, which asserted three causes of action. *See* ECF No. 1. Count One is a breach of contract against Lloyds for failure to pay RLF for the total loss covered under the insurance contract. Count Two alleges Lloyds' codefendant, York, was negligent by failing to "accurately or otherwise competently determine[e] the damages covered under the Lloyds policy." *Id.* The final count, which is against both Lloyds and York, claims that both defendants acted in bad faith during the claims process.

      While RLF pursued civil litigation, Lloyds sought to resolve the dispute through alternative means by invoking the appraisal clause of the parties' insurance contract. Although RLF disagreed that Lloyds could invoke the appraisal clause and force the dispute into appraisal proceedings at that time, the Magistrate Judge ordered that the contract's appraisal clause be enforced. (ECF No. 59.) The parties thereafter complied with the Magistrate Judge's Order. *See* ECF No. 70.

      After conducting appraisal proceedings, the parties' respective appraisers and the designated umpire agreed on an appraisal award on September 20, 2021. (ECF No. 70-1.) While the total amount of loss was agreed upon, a dispute over specific coverage issues

Case: 3:19-cv-00071-RAM-RM   Document #: 123   Filed: 03/27/24   Page 3 of 12

RLF Nazareth, LLC v. York RSG (International), Limited, et al.
Case No. 3:19-cv-71
Memorandum Opinion
Page 3 of 12

remained. In a Memorandum Opinion and Order issued on July 12, 2023, the Court resolved the coverage disputes, affirmed the appraisal award, and directed Lloyds to pay RLF $174,412.29—representing the total loss covered under the insurance contract. (ECF No. 114 and 115). Following the affirmation of the appraisal award, the Court scheduled a status conference for August 15, 2023, to determine what issues, if any, remained pending. (ECF No. 118.)

During the August 15th status conference, RLF asserted that although the Court affirmed the appraisal award, RLF's breach of contract and bad faith claims against Lloyds remained pending.[1] With regard to the breach of contract claim, RLF believes that in addition to the insurance proceeds, RLF is still entitled to consequential damages; specifically, the cost of retaining a public adjuster, litigation costs, the cost of retaining a lawyer, the cost of the appraiser and umpire during the appraisal proceedings, as well as prejudgment interest. Not only does RLF believe its breach of contract claim against Lloyds remains pending, RLF contends there are no material facts in dispute regarding the breach of contract claim. As such, RLF believes it is entitled to partial summary judgment as a matter of law on that claim. As for the bad faith claim, since punitive damages are available for the tort of bad faith, and there are material facts still in dispute, RLF believes its second claim against Lloyds remains outstanding as well.

Lloyds disagrees that any claim remains against it, and thus, the Court should grant Lloyds' motion for summary judgment as to both RLF's breach of contract and bad faith claims.[2] Regarding the breach of contract claim, Lloyds contends that the claim is now moot by virtue of its payment of the appraisal award. *See* ECF 98. Furthermore, even if the payment under the policy did not resolve the claim, Lloyds argues there is still no legal basis for RLF's breach of contract claim. Lloyds maintains that it never "completely" denied coverage or payment to RLF, but instead, merely investigated and negotiated the claimed loss as permitted under the insurance contract. Lloyds notes that it does not have an obligation to "simply accept and pay without challenge the full amount of loss claimed by Plaintiff or its

---

[1] The parties do not dispute that RLF's negligence claim against York is still pending regardless of the effect of the appraisal award.
[2] Lloyds also filed a response to RLF's motion for partial summary judgment on March 24, 2022. (ECF No. 98.)

Case: 3:19-cv-00071-RAM-RM    Document #: 123    Filed: 03/27/24    Page 4 of 12

RLF Nazareth, LLC v. York RSG (International), Limited, et al.
Case No. 3:19-cv-71
Memorandum Opinion
Page 4 of 12

public adjuster." (ECF No. 88 at 5.) Therefore, Lloyds contends that since it never made a final coverage determination, there could be no breach of the contract.

In addition to its request for judgment on the breach of contract claim, Lloyds also believes it should prevail on the bad faith claim as a matter of law. Lloyds argues first that there must be a breach of contract to establish a bad faith claim, and since there is no breach of contract, RLF's bad faith claim also fails. Additionally, Lloyds argues that even if there was a breach, RLF cannot maintain a bad faith claim against Lloyds because the entirety of Lloyd's conduct in this case was reasonable under the circumstances. Lloyds contends that it reasonably relied on York's initial adjustment, where York found that the separate cottages were considered "other structures," and therefore, not covered under the policy. As such, Lloyds argues that its reliance on York's initial assessment and its delay in payment cannot amount to bad faith especially given that Lloyds continued to investigate RLF's insurance claim, provided updated insurance adjustments to RLF, and pursued the appraisal process in good faith.

## II.    LEGAL STANDARD

A party may move for summary judgment at any time until thirty days after the close of all discovery, and the court shall grant the same if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears "the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.* 477 U.S. at 323.

Alternatively, the moving party may satisfy their initial burden by demonstrating that "there is an absence of evidence to support the nonmoving party's case." *Id.* at 325; *see* Fed. R. Civ. P. 56(c)(1)(B) ("a party asserting that a fact cannot be or is genuinely disputed must support the assertion by showing…that an adverse party cannot produce admissible evidence to support the fact.").

If the movant sufficiently satisfies their initial obligation, the burden shifts to "the nonmovant to go beyond the pleadings and by [their] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Daubert v. NRA Group, LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Celotex*, 477 U.S. at 324) (internal quotation marks omitted).

Once the burden has shifted to the non-moving party, the nonmovant must provide evidence sufficient to establish a genuine issue of fact. A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* However, when deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence. Instead, all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983); *see Daubert*, 861 F.3d at 388-89 (citing *Steele v. Cicchi*, 855 F.3d 494, 500 (3d Cir. 2017). Thus, when considering a motion for summary judgment, the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### III.    ANALYSIS

#### A. Breach of Contract

RLF's Breach of Contract claim has been rendered moot by Lloyds' payment of the appraisal award on August 15, 2023.[3] In order to establish a breach of contract, a plaintiff

---

[3] Liability and damages have already been resolved as to the breach of contract claim. By determining that the pool area was covered under the insurance policy, the Court necessarily found that Lloyds breached the insurance contract by seeking to avoid coverage for damage to the pool. Additionally, as will be explained in greater detail in this opinion, the Court determined the full scope of damages available under the contract in its July 12, 2023 Order and Memorandum Opinion. Since Lloyds has already paid the full amount of money owed to RLF under the insurance policy, all that remains to be resolved as to the breach of contract claim are the post judgment issues regarding interest, costs, and fees. Therefore, there is no need to litigate the breach of contract claim any further.

Case: 3:19-cv-00071-RAM-RM    Document #: 123    Filed: 03/27/24    Page 6 of 12

RLF Nazareth, LLC v. York RSG (International), Limited, et al.
Case No. 3:19-cv-71
Memorandum Opinion
Page 6 of 12

must "demonstrate: (1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages." *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 621 (2017). At this juncture, RLF cannot establish a *prima facia* case for breach of contract because, even if Lloyds' conduct amounted to a breach, there are no unpaid damages under the contract left in this case. Lloyds has already paid the total amount owed under the insurance policy. Although RLF insists there are still unpaid consequential damages, RLF is incorrect as a matter of law.

As generally understood, consequential damages are damages that do not flow directly or immediately from a breach, but nevertheless "naturally and proximately flow from the breach." *Mextel, Inc. v. Air–Shields, Inc.*, No. CIV.A.01–7308, 2005 WL 226112, at *35 (E.D. Pa. Jan. 31, 2005). To obtain consequential damages for a breach of contract, the parties must have been able to reasonably foresee the loss resulting from any future breach at the time the contract was formed. *See GEC, LLC v. Argonaut Ins. Co.*, 1:18-cv-58, 2023 WL 5528575, at *5 (D.V.I. Aug. 28, 2023); *Johnson v. State Farm Fire & Cas. Co., No. CV1815209RBKKMW*, Civ. No. 18-15209 2019 WL 2285491, at *3 (D.N.J. May 29, 2019); *Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, Civil Action No. 05–281, 2011 WL 611802, at *27 (E.D. Pa. Feb. 17, 2011). Not only must the loss at issue have been foreseeable, it also must have been a probable result of the party's breach. *See Mendez v. Coastal Sys. Dev., Inc.*, No. Civ., 2005-0165, 2008 WL 2149373, at *12 (D.V.I. May 20, 2008). While consequential damages are generally available regardless of whether the contract expressly provided them,[4] such damages may be excluded by contract or otherwise limited by a liquated damages clause.

As noted above, RLF claims the following consequential damages remain pending: the cost of retaining a public adjuster, litigation costs, the cost of retaining a lawyer, the cost of the appraiser and umpire during the appraisal proceedings, as well as prejudgment interest.

---

[4] *See Creative Minds, LLC, v. Reef Broadcasting, Inc.*, Case No. ST–11–CV–131, 2014 WL 4908588, at *11 (D.V.I. Sept. 24, 2014) (recognizing the availability of consequential damages in the Virgin Islands in a breach of contract case); *See Four Winds Plaza Corp. v. Caribbean Fire & Assocs.*, Inc., 48 V.I. 899, 915 (D.V.I. 2007) (explaining consequential damages qualify as compensatory damages).

Case: 3:19-cv-00071-RAM-RM    Document #: 123    Filed: 03/27/24    Page 7 of 12

RLF Nazareth, LLC v. York RSG (International), Limited, et al.
Case No. 3:19-cv-71
Memorandum Opinion
Page 7 of 12

RLF's alleged remaining contract damages are either not consequential damages, or the expense has already been accounted for by the contract.

### 1. Costs of the Umpire and Appraiser

Turning first to the costs of the umpire and the appraiser, those costs have been expressly contemplated by the parties' insurance contract. The appraisal provision of the contract provides that "Each party will (1) Pay its own appraiser; and (2) Bear the other expenses of the appraisal and umpire equally." Because the express terms of the contract dictate how the cost of the umpire and the parties' respective appraiser would be allocated in the event of an appraisal, the parties are bound by that agreement, and thus, the cost incurred from the appraisal cannot be recovered as consequential damages. *Cf. Argonaut Ins. Co.*, 2023 WL 5528575, at *5; *see also Vento v. Certain Underwriters at Lloyds*, No. CV 2018-91, 2019 WL 2402973, at *3 (D.V.I. Apr. 26, 2019) (finding identical appraisal provision to the case at bar valid and enforceable); *Blakely v. USAA Cas. Ins. Co.*, Civ. No. 2:06–cv–00506, 2015 WL 1522752, at *11 (D. Utah Apr. 2, 2015) (finding no damages available from the appraisal process where no evidence that opposing party did not split the expenses of the appraisers and the umpire as provided by the express terms of the contract).

### 2. Litigation Costs and Attorney's Fees

Additionally, litigation costs and attorney's fees do not constitute consequential damages in the Virgin Islands either. "In the United States, parties are ordinarily required to bear their own attorney's fees" unless there is a statute indicating otherwise*." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Hum. Res.*, 532 U.S. 598, 602-03 (2001); *see also DaCosta v. DaCosta*, 74 V.I. 640, 645 n.3 (2021) (citing *Kalloo v. Estate of Small*, 62 V.I. 571, 579 n.5 (2015) (explaining the origins of the American rule)). Therefore, since the founding era, litigation costs and attorney's fees in a direct action have been treated separately from consequential damages. In the Virgin Islands, the separate treatment of costs and fees is no different. Although the American Rule has been expressly abrogated by statute in the Virgin Islands, 5 V.I.C. § 541 still treats litigation costs and attorney's fees separate and apart from all other damages.

Under section 541, litigation costs and attorney's fees are available to the prevailing party subject to the court's discretion. *See Bart Enterprises, LLC v. Sapphire Bay Condominiums West*, Case No. ST-2020-CV-00075, 2024 WL 1110426, at *2 (V.I. Super. Ct. March 13, 2024) ("The decision to award costs or attorney's fees is entirely within the discretion of the court.") (citing *Pollara v. Oceanview Investment Holding, LLC*, No. 9–60, 2015 WL 4735205, at *1 (D.V.I. May 21, 2015)) (additional level of citation omitted); *Ryan v. Ryan*, 53 V.I. 140, 144 (V.I. Super. Ct. 2010). As such, costs and fees cannot be considered consequential damages because the prevailing party is not entitled to them, notwithstanding the party's ability to prove the cost and fees were a reasonably foreseeable consequence of the other party's breach of contract. *See Atl. City Assocs., LLC, v. Carter & Burgess Consultants, Inc.*, 453 Fed. App'x 174, 181-82 (3d Cir. 2011) ("attorneys' fees are not properly viewed as a form of consequential damages—or as damages at all"). Indeed, under section 541, such "damages" are not allowed to go to a jury at all. *See Matrix Financial Services Corp. v. Laurent*, Civ. Act. No. 2014-0069, 2016 WL 2757698, at *5-6 (D.V.I. May 11, 2016). Therefore, if this case were to proceed to trial, RLF could not rely on litigation costs and attorney's fees to prove the damages element of its breach of contract claim. RLF would only be able to seek costs and attorney's fees following a favorable judgment on RLF's remaining claims. Accordingly, costs and attorney's fees are not consequential damages, and therefore, cannot support the damage element of the breach of contract claim.[5] To rule otherwise would allow RLF to undermine the intent of section 541 by simply reframing costs and fees as consequential damages.[6]

### 3. Public Adjuster Expenses

---

[5] To the extent that RLF is seeking costs and attorney's fees as the prevailing party under section 541, that request is premature. RLF still has pending claims against both defendants in this case. Accordingly, the Court will consider an award of costs and attorney's fees following a determination of the remaining issues in this case.

[6] The Virgin Islands Legislature made a conscious decision to separate costs and fees from the rest of the damages analysis. There is no basis for the Court to now disregard the decision and allow the plaintiff to use costs and fees to support its substantive claims.

Because litigation costs are not consequential damages, RLF's public adjuster expenses do not constitute consequential damages either. Although RLF lists the cost of the public adjuster as separate consequential damages, the need for the public adjuster was not a consequence of Lloyd's alleged breach but rather a consequence of RLF's intention to litigate the instant case. RLF did not need a public adjuster in order to begin repairs to the property or prevent further damage to any structures on the premises. The only reason the adjuster was hired was to dispute Lloyd's purported coverage determination in litigation. Therefore, since RLF hired the public adjuster to challenge Lloyd's alleged coverage determination, the cost of the public adjuster was necessarily a litigation expense. As such, the cost of the public adjuster does not fall under the category of consequential damages.

Moreover, the cost of RLF's public adjuster was not reasonably foreseeable. RLF was not forced to litigate this case, it chose to do so. RLF could have accepted Lloyd's coverage determination, or if dissatisfied, elected to go through the appraisal process prior to hiring a public adjuster. Accordingly, hiring the public adjuster was not a natural or likely consequence of the alleged breach. The notion that the parties would not have reasonably expected the cost of a public adjuster to be a part of the anticipated damages is particularly apparent in this case given that at the time of contract formation, the parties contemplated the cost of Lloyd's adjuster, as well as the cost of each side's appraisers and the umpire. However, any mention of the insured's adjuster is completely absent. Therefore, it is unlikely the parties believed the insured would need to obtain an adjuster in the event of a dispute.

### 4. *Prejudgment Interest*

Lastly, the argument that any prejudgment interest in this case amounts to consequential damages is also unsound. Prejudgment "interest is not a form of damages but rather something added to damages as a matter of law." *Zurich American Ins. Co. v. Watts Regulator Co.*, Civ. Act. No. 10–11190, 2013 WL 2367855, at *9 (D. Mass. March 21, 2013). In other words, prejudgment interest is not an independent basis to sustain the damages element of the plaintiff's breach of contract claim, but rather a tool courts use to make a party whole. This is why the Court is tasked with awarding prejudgment interest after a verdict has been rendered or a settlement agreement has been entered. RLF seems to intuitively

understand this notion, given that RLF is now seeking prejudgment interest notwithstanding its failure to request such damages in its Complaint.

In any event, the prejudgment interest RLF may ultimately receive in relation to the appraisal award is virtually de minimis. In order to recover prejudgment interest, the entire amount in controversy must be ascertainable. *See Mosler v. Gerace*, 2024 V.I. 1, 16 (2024). In other words, all damages must be certain before prejudgment interest begins to accrue. Accordingly, RLF is not entitled to prejudgment interest from the date of the loss in 2017 or from the date of the appraisal award because the entire amount in controversy did not become ascertainable until the Court's July 12, 2023 Order. Up to that point, there was still a dispute as to whether Lloyds owed $21,000 for the deck area, $15,000 for the pool area, and whether Lloyds owed RLF the full $301,0129 for the damages to the property. It is of no significance for the purposes of determining prejudgment interest that the loss occurred well before the Court's July 12th decision. *See Mosler*, 2024 V.I. at 16 ("the mere fact that a [judge] or a jury has determined an award does not mean it is automatically money due' dating back to the time of the alleged wrongful conduct that gave rise to the defendant's liability.") (quoting *R.J. Reynolds Tobacco Co. v. Gerald*, 76 V.I. 656, 736 (2022)). Therefore, since the Court provided Lloyds thirty days from the date of the July 12th Order to pay RLF the amount owed, and Lloyds paid the full $174,412.29 on August 15, 2023, four days after the payment became due, only four days of prejudgment interest could have accrued on amount owed under the policy.[7] Therefore, at a rate of 9% per annum, RLF would be entitled to at most $172.04 of pre-judgment interest.[8] However, because the Court is only to award prejudgment interest upon a final judgment, RLF is not yet entitled to such compensation.

---

[7] *See Vlaun v. Briscoe*, 77 V.I. 436, 447 (2022) (noting that the prejudgment interest did not begin to accrue until the deadline to pay the ascertainable settlement amount had expired).

[8] The Court's calculation is based on the statutory prejudgment interest rate of 9% per annum provided for under 11 V.I.C. § 951. *See also Rivera v. Sharp*, Civ. Act. No. 2008-0020, 2021 WL 2228492, at *19, n.24 (D.V.I. June 1, 2021) ("The parties agree that Virgin Islands law governs this dispute. Thus, in calculating pre-judgment interest the Court shall apply Virgin Islands law.") (internal citations omitted).

### B. Bad Faith Claim as to Lloyds

As for Lloyds' request for summary judgment on RLF's bad faith claim, the Court will deny the request as there is a genuine dispute of material fact as to that claim. In order to succeed on a bad faith cause of action, the plaintiff must show the following:

> 1) the existence of an insurance contract between the parties and a breach by the insurer; 2) intentional refusal to pay the claim; 3) the nonexistence of any reasonably legitimate or arguable reason for the refusal (debatable reason) either in law or fact; 4) the insurer's knowledge of the absence of such a debatable reason or 5) when the plaintiff argues that the intentional failure results from the failure of the insurer to determine the existence of an arguable basis, the plaintiff must prove the insurer's intentional failure to determine the existence of such a debatable reason.

*Virgin Grand Ests. #60 Villa Ass'n v. Certain Underwriters at Lloyd's, London*, No. 3:21-CV-00074, 2022 WL 4536008, at *8 (D.V.I. Sept. 28, 2022) (quoting *Williams v. Inter-Ocean Ins. Agency*, Cas No.: SX-18-CV-27, 2020 WL 8020082, at *26-27 (V.I. Super. Ct. Oct. 23, 2020)).

There are several material facts still in dispute here. First and foremost, there is an open question whether the initial letter RLF received on February 13, 2018, constitutes Lloyds' coverage determination, and therefore, whether Lloyds denied coverage on certain portions of the property in 2018. More importantly, there is also a material dispute as to whether Lloyds knowingly and intentionally excluded the three cottages in its alleged coverage determination. Because issues of knowledge and intent are in dispute here, the Court finds that it would be particularly inappropriate to make a decision on RLF's bad faith claim at the summary judgment stage. *See Soreelle v. Guardian Ins. Co.*, Civ. No.: F662/1996, 2010 WL 11718858 at * 5 (V.I. Super. Ct. Aug 10, 2010) ("[I]f intent is disputed, a genuine issue of material fact exists that cannot be determined in a motion for summary judgment."); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007) ("Issues such as intent and credibility are rarely suitable for summary judgment."); *Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517, 523 (3d Cir. 2004) (noting that "[g]enerally an insured's state of mind is an issue of fact for the jury."); *Riehl v. Travelers Ins. Co.*, 772 F.2d 19, 24 (3d Cir. 1985) (citing *Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir. 1981) ("issues of knowledge and intent are particularly inappropriate for resolution by summary judgment"). Therefore, the Court will deny Lloyds' motion for summary judgment on RLF's bad faith claim.

*RLF Nazareth, LLC v. York RSG (International), Limited, et al.*
Case No. 3:19-cv-71
Memorandum Opinion
Page 12 of 12

### IV. CONCLUSION

With the above premises considered, the Court deems RLF's breach of contract claim moot as there is no need to further litigate that claim. As such, the Court will deny RLF's partial motion for summary judgment as well as Lloyds' partial motion for summary judgment to the extent it seeks to dispose of RLF's breach of contract claim. The Court also finds that there are still material facts in dispute with respect to RLF's bad faith claim against Lloyds. Consequently, the Court will deny Lloyd's partial motion for summary judgment to the extent the motion requests summary judgment in its favor on the issue of bad faith as well.

**Dated:** March 27, 2024                                   */s/ Robert A. Molloy*
                                                            **ROBERT A. MOLLOY**
                                                            **Chief Judge**